UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DONNELL MITCHELL, | ) | CASE NO. 1:07 CV 1909 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| DEPARTMENT OF INSURANCE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Pro se plaintiff Donnell Mitchell filed the above-captioned in forma pauperis action on June 26, 2007 against the "Department of Insurance, Inc."[1] Mr. Mitchell asserts that the defendant engaged in unfair business practices "aimed at the disabled[,] a clear violation of the Americans with Disability Act of 1990 and the Ohio Revised Code 5122 section of fair treatment for the mentally disabled." (Compl. at 2.) He requests that his property and casualty insurance be reinstated.

---

[1] The attachments to the complaint indicate that the defendant is the "State of Ohio, Department of Insurance."

*Background*

Mr. Mitchell alleges that he was a licensed bail bondsman from March 22, 1997 until March 21, 2003. On or about October 9, 2001, the defendant placed a hold on plaintiff's license as an insurance agent/surety bail bondsman. A hearing was subsequently scheduled to be held on March 8, 2002, but was rescheduled to March 19, 2002. At some point between March 15 and March 18, 2002, attorney Stuart Freidman telephoned the Department of Insurance "acting unauthorized as Donnell Mitchell's attorney" and advised the defendant that Mr. Mitchell wanted to reschedule the hearing, "which was not true." (Compl. at 1.)

Because Mr. Mitchell had no prior knowledge of Mr. Freidman's conversation with the Department of Insurance, he drove to Columbus, Ohio on March 19, 2002 expecting to attend his scheduled hearing. Upon his arrival he was greeted by Hearing Administrator Sharon Green who advised him that the hearing had been cancelled at the request of Mr. Freidman. When he protested that he had not authorized Mr. Freidman to speak on his behalf, Ms. Green explained that there was nothing that could be done.

Two months later, another hearing was held on May 16, 2002. Again, Mr. Mitchell was unaware of the hearing and did not attend. The Department of Insurance held the hearing even though Mr. Mitchell was not present. His failure to attend the hearing resulted in the revocation of his property and casualty license. When Mr. Mitchell telephoned Ms. Green in June 2002 to inquire when another hearing would be held, she explained that the hearing had already taken place and that another hearing would not be re-scheduled.

"In November of 2002 and September of 2003 Donnell Mitchell informed the Department of Insurance that the key issues/complaint that surrounded his hearing could be

2

explained. Donnell Mitchell has attempted to present evidence to the Department of Insurance for 5 years." (Compl. at 2.) He complains that the defendant has "ignored evidence of his medical condition." It is this action has resulted in a violation of his rights under the ADA. He claims, moreover, that he was not treated as fairly as other licenced Ohio agents. Mr. Mitchell maintains that the Department of Insurance only revoked the licenses of convicted felons (which he claims he is not) for two years while his license was revoked for five years. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

*Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

*Americans with Disability Act*

Title II of the Americans with Disabilities Act prohibits discrimination against disabled persons by public entities. 42 U.S.C. §§ 12101 et seq. (2006). It provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or

---

[2] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

3

be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. A "public entity" is defined as "any department, agency ... or other instrumentality of a State ... government." 42 U.S.C. § 12131(1)(B).

Mr. Mitchell has failed to state a claim under the ADA. As a threshold matter, there is no allegation that he is a "qualified individual" with a disability. It is unclear from the facts alleged why Mr. Mitchell's license was "put on hold" or ultimately revoked. Moreover, there is no allegation that he otherwise fulfilled the requirements for remaining in good standing, 'but for' the fact that he is mentally disabled. While it is not necessary to make a prima facie showing of discrimination, Mr. Mitchell's complaint does not satisfy Federal Civil Rule 8's basic pleading requirements. See FED. CIV. R. 8; see also Vector Research, Inc. v. Howard & Howard Attorneys P.C., 76 F.3d 692, 697 (6th Cir. 1996)("'Under the liberal federal system of notice pleading, all that a plaintiff must do in a complaint is give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'")(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The complaint simply fails to allege how the defendant's actions discriminated against Mr. Mitchell based on his mental disability. The fact that his hearing was rescheduled by an attorney who plaintiff claims was not representing him does not state a claim for disability discrimination. In short, nothing in the complaint gives the defendant "fair notice of the basis for petitioner's [ADA] claim[ ]" Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).

Inasmuch as Mr. Mitchell's federal claims cannot survive, this court declines to exercise supplemental jurisdiction over any potential state law claims in this case pursuant to 28 U.S.C. § 1367(c)(1). Supplemental jurisdiction is governed by 28 U.S.C. § 1367, which includes an explicit provision permitting the district court to decline to exercise supplemental jurisdiction when

4

that court has dismissed all of the claims over which it has original jurisdiction. 28 U.S.C. §1367(c)(3): Gregory v. Hunt, 24 F.3d 781, 790 (6th Cir. 1994)(where no federal claims remain, the district court has discretion as to whether it should dismiss supplemental state law claims).

Accordingly, plaintiff's application to proceed in forma pauperis is granted and this action is dismissed under section 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

_____ 8/23/07
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.